IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BORON CAPITAL, LLC, ) <br> BC HOLDINGS 2017, LLC, ) <br> UNITED BNB FUND 2018, LLC, and ) <br> BLAKE ROBERT TEMPLETON, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 5-22-CV-114-C <br><br><br><br> JURY TRIAL DEMANDED |

**FINAL JUDGMENT AS TO DEFENDANTS BORON CAPITAL, LLC,
BC HOLDINGS 2017, LLC and UNITED BNB FUND 2018, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants Boron Capital, LLC, BC Holdings 2017, LLC, and United BNB Fund 2018, LLC ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder

1

[17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are ordered to pay disgorgement, jointly and severally, in the amount of $18,744,313, plus prejudgment interest in the amount of $1,165,198,97.  Payment of $19,909,511.97 is deemed to have been fully satisfied upon the execution of the Receiver's distribution plan.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Signed this 13th day of February, 2024

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE